RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/31/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SAMUEL CULOTTA (D.O.C. #199539)      DOCKET NO. 10-CV-1690; SEC. P

VERSUS                                JUDGE DEE D. DRELL

JAMES LEBLANC, ET AL.                 MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Samuel Culotta filed the instant civil rights complaint (42 U.S.C. §1983) on November 8, 2010. His motion for leave to proceed in forma pauperis [Doc. 5] was granted on December 7, 2010 [Doc. 6]. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he is not being given credit for time served and that the warden failed to timely respond to Plaintiff's grievance, all in violation of Plaintiff's constitutional rights. He names as defendants James LeBlanc, Dean Dove, and Victor Jones, Jr.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Plaintiff complains that on August 31, 2010, he filed a grievance because he was not being given credit for time served in the calculation of his sentence. Warden Dean Dove failed to respond to the grievance within fifteen days, as required. He

seeks monetary damages of $100,000.

## *Law and Analysis*

### 1. **Credit for Time Served**

Plaintiff complains that he is not being given credit for time served in the calculation of his sentence. To the extent that Plaintiff seeks an earlier release from custody, **such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). A §1983 action is appropriate for recovering monetary damages resulting from illegal administrative procedures; however, a *habeas* action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994).

To the extent that Plaintiff seeks monetary damages for his unlawful confinement, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court determined that, in order to recover damages for allegedly unconstitutional imprisonment (as Plaintiff seeks to do here), a civil rights plaintiff must prove that **the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.** See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or

sentence that has not been so invalidated is not cognizable under §1983. Id.

In Louisiana, a challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176. When administrative remedies have been exhausted, an inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15. If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1). Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922. Thus, before Petitioner could recover damages for his claim, he would have to have successfully challenged the computation of his sentence through the proper state procedures.

2.  **Grievance**

Plaintiff complains that his constitutional rights were also violated when he failed to receive a timely response to his grievance. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is

grounded in state law or regulation, and the mere failure of an official to follow state law or regulation, as is alleged here, does not violate constitutional minima.[1]

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen**

---

[1] See Taylor v. Cockrell, 92 Fed.Appx. 77 (5th Cir. Feb.12, 2004)(not designated for publication)(citing Sandin, supra, and finding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005)(Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably merit less); (see also Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (1977)(Burger, C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993)(quotation omitted)(holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) per curiam (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

(14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of ~~January~~, ~~2011~~.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE